FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2010 OCT 14 AM 9: 23

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| NORBERTO BONILLA ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO. CV510-098 |
| ) | |
| FIRST REVENUE ASSURANCE, LLC ) | |
| ) | |
| Defendant. ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Norberto Bonilla ("Plaintiff"), is a natural person who at all

relevant times resided in the State of Georgia, County of Ware, and City of Waycross.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, First Revenue Assurance, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or

regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including the Defendant's collection agents continuing to contact Plaintiff after repeatedly being informed that the alleged debtor cannot be reached at that phone number (§ 1692d).

12. Defendant communicated with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt, including a June 11, 2010, confirmed fax sent to Defendant demanding that all phone calls cease to (912) 285-3209 and a July 23, 2010 email from Defendant acknowledging Plaintiff's previous request and again stating that all calls will cease.

13. Despite this representation, Defendant did not stop calling this phone number and continued up to and including August 4, 2010 (§ 1692c(c)).

14. Defendant failed to notify Plaintiff during each collection contact that the communication was from a debt collector, including its failure to state in its July 23, 2010 written correspondence that the same was from a debt collector and that any information obtained would be used for that purpose (§ 1692e(11)).

15. Defendant's actions constitute conduct highly offensive to a

reasonable person.

## COUNT I

16. Plaintiff repeats and re-alleges each and every allegation contained above.

17. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

18. Plaintiff is entitled to and hereby demands a trial by jury.

This 5th day of October, 2010.

                        ATTORNEYS FOR PLAINTFF
                        NORBERTO BONILLA

                        Respectfully submitted,

                        Dennis R. Kurz
                        Georgia Bar No. 430489
                        WEISBERG & MEYERS, LLC
                        5025 N. Central Ave. #602
                        Phoenix, AZ 85012
                        (888) 595-9111 ext. 412
                        (866) 842-3303 (fax)
                        dkurz@attorneysforconsumers.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| NORBERTO BONILLA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO._____ |
| | ) | |
| FIRST REVENUE ASSURANCE, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Southern District of Georgia, using a font type of Time New Roman and a point size of 14.

Respectfully submitted,

_____
Dennis R. Kurz
Georgia Bar No. 430489
WEISBERG & MEYERS, LLC
5025 N. Central Ave. #602
Phoenix, AZ 85012
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com